**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Streamline Express, Inc. | ) | Case No. 21-10365 |
| | ) | |
| Debtor. | ) | Hon. A Benjamin Goldgar |
| | ) | |
| | ) | **Hearing Date: January 24, 2022** |

## <u>NOTICE OF MOTION</u>

TO:  See attached Service List

PLEASE TAKE NOTICE that on **January 24, 2022, at 9:30 a.m**., we shall appear before the Honorable A Benjamin Goldgar, or any judge sitting in his place, and present *Siemens Financial Services, Inc.'s Joint Motion  (I) To Hold Debtor In Contempt And, In The Event The Debtor's Bankruptcy Case Is Not Dismissed, To Further Extend Time To Object To Discharge And/Or Dischargeability, And (II) To Dismiss The Bankruptcy Case Pursuant To 11 U.S.C. § 1112(b)*, a copy of which is enclosed herewith.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video/website**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's website (https://www.ilnb.uscourts.gov).

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection, the court may grant the motion in advance without a hearing.

VP/#54130803.1

Dated:  December 23, 2021                    Respectfully submitted,

                                             SIEMENS FINANCIAL SERVICES, INC.


                                             By: */s/ Arlene N. Gelman*
                                                   One of Its Attorneys

Arlene N. Gelman (#6289813)
Daniel P. Jackson (#6225631)
Michael D. Leifman (#6324233)
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
T:  (312) 609-7500
F:  (312) 609-5005
agelman@vedderprice.com
djackson@vedderprice.com
mleifman@vedderprice.com

VP/#54130803.1

## CERTIFICATE OF SERVICE

Arlene N. Gelman, the undersigned attorney, hereby certifies that on December 23, 2021, she caused the foregoing *Notice of Motion* and following *Siemens Financial Services, Inc.'s Joint Motion (I) To Hold Debtor In Contempt And, In The Event The Debtor's Bankruptcy Case Is Not Dismissed, To Further Extend Time To Object To Discharge And/Or Dischargeability, And (II) To Dismiss The Bankruptcy Case Pursuant To 11 U.S.C. § 1112(B)* to be served (i) via the Court's CM/ ECF system, which will electronically notify all registrants with the referenced system, and (ii) via U.S. First Class Mail upon all listed on the service list below.

*/s/ Arlene N. Gelman*

## SERVICE LIST

Streamline Express, Inc.
Attn.: Aleksandras Smirnovas, President and Reg. Agent
6435 S. Quincy St.
Willowbrook, IL 60527

Alexandras Smirnovas
6435 S Quincy St.
Willowbrook, IL 60527-5330

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

Bank of America
4909 Savarese Circle
Fl1-908-01-50
Tampa, FL 33634-2413

Continental Bank
15 W S Temple # 300
Salt Lake City, UT 84101-1542

Department of Treasury
Bureau of the Fiscal Service
PO BOX 830794
Birmingham, AL 35283-0794

VP/#54130803.1

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Engs Commercial Finance Co.
1 Pierce Pl #1100
Itasca, IL 60143

Internal Revenue Service
Mailstop 5014CHI
230 S Dearborn St., Rm. 2600
Chicago, IL 60604-1705

Mark F Magnozzi, Esq.
The Magnozzi Law Firm, P.C.
23 Green Street, Suite 302
Huntington, NY 11743-3336

Mitsubishi HC Capital America, Inc. f/k/a Hitachi
c/o Mark Magnozzi
23 Green Street, Suite 302
Huntington, NY 11743-3336

David Freydin
Law Offices of David Freydin Ltd
8707 Skokie Blvd., Suite 312
Skokie, IL 60077-2269

Miriam R. Stein
Gutnicki LLP
4711 Golf Road, Suite 200
Skokie, IL 60076-1236

Neema T.Varghese
NV Consulting Services
701 Potomac, Ste. 100
Naperville, IL 60565-3422

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604-2027

VP/#54130803.1

U.S. Bankruptcy Court
Eastern Division
219 S. Dearborn Street, 7th Floor
Chicago, IL  60604-1702

Siemens Financial
170 Wood Avenue
Iselin, NJ  08830-2726

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Streamline Express, Inc. | ) | Case No. 21-10365 |
| | ) | |
| Debtor. | ) | Hearing Date:  January 24, 2022 |
| | ) | |

**SIEMENS FINANCIAL SERVICES, INC.'S JOINT MOTION**
**(I) TO HOLD DEBTOR IN CONTEMPT AND, IN THE EVENT THE DEBTOR'S**
**BANKRUPTCY CASE IS NOT DISMISSED, TO FURTHER EXTEND**
**TIME TO OBJECT TO DISCHARGE AND/OR DISCHARGEABILITY**
**AND (II) TO DISMISS THE BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 1112(b)**

Siemens Financial Services, Inc. ("Siemens Financial"), by and through its undersigned attorneys, respectfully requests the entry of an Order: (i) holding the Debtor Streamline Express, Inc. (the "Debtor") in civil contempt for failure to comply with both (a) the Order entered by the Court on November 30, 2021[Dkt. No. 25] (the "Compel Order") and (b) the Notice of Rule 2004 Examination and corresponding Subpoena and Rider to Debtor (collectively, the "2004 Subpoena"); (ii) further extending the time to object to discharge and/or dischargeability of debt in the event the above-captioned bankruptcy case (this "Bankruptcy Case") is not dismissed; and (iii) dismissing this bankruptcy case. In support thereof, Siemens Financial states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding concerning the administration of this estate pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The basis for the relief sought herein are Rules 2004, 4004(b)(1), 4007(c), 9016, 9020 and any other applicable portions of the Federal Rules of Bankruptcy Procedure (the "Rule(s)"), Local Bankruptcy Rule N.D. Ill. R. Br. 9020–1, and/or 11 U.S.C. §§ 105, 1112(b)

and/or any other applicable sections of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

(the "Bankruptcy Code").

## RELEVANT BACKGROUND

3.      As detailed in Siemens Financial's *Motion for an Order Authorizing and Directing*

*(a) Rule 2004 Examination of Debtor, and (b) Production of Documen*ts filed on September 15,

2021 [Dkt. No. 13 (the "2004 Motion")]:

- Siemens Financial issued a Citation to Discover Assets prior to the Debtor's bankruptcy filing in an effort to collect on its State Court Judgment against the Debtor;

- The Debtor refused to turnover documents as required by the Streamline Citation and improperly transferred significant amounts to third-parties in violation of the Streamline Citation;

- As a result of the above, a Contempt Motion was pending in the State Court at the time of the Debtor's bankruptcy filing; and

- The Debtor filed its bankruptcy case two (2) days before the State Court had scheduled a hearing on the Contempt Motion.

4.      Siemens Financial filed the 2004 Motion seeking the same financial information

sought pre-bankruptcy, and on September 27, 2021, the Court granted the 2004 Motion [Dkt. No.

14]. Accordingly, on October 4, 2021, Siemens Financial issued the 2004 Subpoena. Pursuant to

the 2004 Subpoena, the Debtor was required to produce the information and documentation

requested in the 2004 Subpoena by October 25, 2021 and to sit for a related Rule 2004 exam on

November 4, 2021.

5.      As detailed in Siemens Financial's *Motion to Compel Production of Documents*

*and an Examination Pursuant to Rule 2004 and to Extend Time to Object to Discharge and/or the*

2

*Dischargeability of Debts* filed on November 22, 2021 [Dkt. No. 13 (the "<u>Motion to Compel</u>"),

**Exhibit A**[1]]:

- The Debtor failed to produce most of the documentation requested in the 2004 Subpoena, despite Siemens Financial agreeing to provide the Debtor additional time to do so (*see* the Declaration of Daniel P. Jackson, the "Jackson Decl." at 10);

- The Debtor failed to meaningfully answer Siemens Financial's counsel's questions concerning the Debtor's business operations at the 341 meeting which occurred on October 6, 2021; and

- The Debtor's counsel made clear that the Debtor did not intend on producing the Missing Documents unless the Court compelled it to do so.  (Jackson Decl. at 12.)

6. On November 30, 2021, the Court entered the Compel Order, pursuant to which (i) the Debtor was required to produce the Missing Documents by December 13, 2021; (ii) the Debtor was required to sit for a related 2004 Examination by January 17, 2022; and (iii) Siemens Financial was "granted an extension of time through and including February 28, 2022, to object to discharge and/or dischargeability" [Dkt. No. 25].

7. Notwithstanding issuance of the 2004 Subpoena and the subsequent entry of the Compel Order, as of the date of this Motion, the Debtor has failed to produce any of the Missing Documents to Siemens Financial. In fact, the Debtor has failed to produce *any* additional information or documentation to Siemens Financial since the entry of the Compel Order. (Jackson Decl. at 17.)

8. As of the date of this Motion, Siemens Financial has been seeking financial information and documentation from the Debtor for nearly nine months.

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings prescribed to them in the Motion to Compel, which is fully incorporated herein.

9.     The Missing Documents (as defined in the Motion to Compel)[2] will likely show that the Debtor made false statements on its schedules and improperly transferred assets in violation of Siemens Financial's Citation to Discover assets (in addition to the improperly transferred assets Siemens Financial already discovered before this Bankruptcy Case, which approached hundreds of thousands of dollars).

10.    Also notable are: (a) Debtor's implication in its Motion To Extend Time to File a Chapter 11 Plan and Set a Bar Date [Dkt. No. 26] that resolution discussions with Siemens Financial were ongoing, which implication was incorrect as set forth in Siemens Financial Limited Objection to the Debtor's Motion to Extend [Dkt. No. 27]; (b) the Debtor's statements on the record on December 13, 2021 that this Bankruptcy Case likely could not go forward unless resolution was reached with Siemens Financial; and (c) the Debtor's failure to contact Siemens Financial at all regarding resolution or the Missing Documents after it failed to produce them on December 13, 2021 as ordered by this Court.

11.    The Debtor and its principal's refusal to comply with Court orders has been documented in the State Court, this Court and others.  Not only did the Debtor improperly transfer assets in violation of Siemens Financial's Citation and fail to comply with the State Court order compelling production of documents, the Debtor's affiliated entities and/or principal failed to turnover another creditor's missing collateral (some or most of which was allegedly destroyed by

---

[2] The Missing Documents include, but may not be limited to, Bank records for the months leading up to the Debtor's bankruptcy filing; Bank records demonstrating where Debtor's numerous and substantial "Zelle" transfers were delivered during the months leading up to the Debtor's bankruptcy filing; Accounts receivable reports or any other documents concerning the Debtor's recent and current accounts receivable; Financial statements; Documents identifying all of the personal property owned and/or recently sold by the Debtor, including any trucks, trailers, and/or other equipment; Appraisals related to the trucks, trailers, and/or other personal property located in Indiana and/or certain parts of Illinois; Information concerning the number of individuals employed by the Debtor, including the Debtor's drivers and their related insurance coverage; Information concerning other entities the Debtor has and/or recently had interests in; and Other documents that show the Debtor's past and current operations.

4

a fire)[3] and spit on and threatened Siemens Financial's process server (Motion to Compel at Ex.

2).

## LEGAL STANDARD

**I.      Standard for finding civil contempt.**

12.      Bankruptcy Code Section 105(a) allows the Court to hold a party in civil contempt.

*See In re Bailey & Assocs., Inc.*, No. 01-73770, 2005 WL 147055, *2 (Bankr. C.D. Ill. Jan. 19,

2005); *see also In re Sekendur*, 334 B.R. 609, 620-21 (Bankr. N.D. Ill. Dec. 15, 2005).

13.      Pursuant to Federal Rule of Civil Procedure 45(g), the Court "may hold in contempt

a person who, having been served, failed without adequate excuse to obey the subpoena or an order

related to it." Fed. R. Civ. P. 45(g) (made applicable to bankruptcy proceedings via Rule 9016);

*see also DeGeer v. Gillis*, 755 F. Supp. 2d 909, 930 (N.D. Ill. 2010) ("[t]he remedy for failure to

comply with a subpoena is to seek to hold the non-complying person in contempt of court.").

14.      "Violation of the court order does not have to be willful to find a party in contempt."

*In re Sekendur*, 334 B.R. at 621 (internal quotations omitted). Rather, a "party may be found in

contempt if he has not been reasonably diligent and energetic in attempting to accomplish what

was ordered." *Id.* Thus, for a party to be held in civil contempt, a moving party is only required to

provide evidence that the nonmoving knowingly violated a court order. *Id.*; *see also In re Direct

Media Power, Inc.*, 582 B.R. 739, 752 (Bankr. N.D. Ill. 2018), *aff'd*, No. 18 C 7397, 2019 WL

4601736 (N.D. Ill. Sept. 23, 2019).

**II.     Standard for dismissal of a bankruptcy case under 1112(b).**

15.      Pursuant to Bankruptcy Code Section 1112(b)(1), "the court *shall* convert a case

under [chapter 11] or dismiss a case under [chapter 11], whichever is in the best interests of

---

[3] *See* pleadings from *U.S Bank Equipment Finance v. Smirnovas, et al.*, No.: 1:19-cv-06652, group attached hereto as
**Exhibit B**.

creditors and the estate, *for cause*." 11 U.S.C. § 1112(b)(1) (*emphasis added*). A motion filed under

Section 1112(b) invokes a two-step analysis: (1) whether "cause" exists either to dismiss or convert

the Chapter 11 proceeding, and (2) which option—dismissal or conversion—is in the best interests

of the creditors and the estate. *Northbrook Loans, LLC v. BlackAMG*, 555 B.R. 680, 682 (N.D. Ill.

2015).

      16.     With respect to the first step, Bankruptcy Code Section 1112(b)(4) sets forth a non-

exhaustive list of what constitutes "cause" which includes, among other things, a debtor's "failure

to company with an order of the court" and a debtor's "unexcused failure to satisfy timely any

filing or reporting requirement established by this title or by any rule applicable to a case under

this chapter[.]" 11 U.S.C. §§ 1112(b)(4)(E) and (F). Additionally, while not expressly mentioned

in the aforementioned list, courts have recognized the authority of bankruptcy courts to dismiss

chapter 11 cases based on a debtor's lack of good faith.  *See*, e.g., *In the Matter of Strug-Division*,

LLC, 375 B.R. 445, 448-50 (Bankr. N.D. Ill. 2007); *In re Tekena USA, LLC*, 419 B.R. 341, 345-

51 (Bankr. N.D. Ill. 2009).

      17.     With respect to the second step, "[w]hat is in the best of creditors is a simple matter:

the course of action that results in the largest number of creditors being paid the largest amount of

money in the shortest amount of time. The best interest of the estate focuses on whether the

economic value of the estate is greater in or out of bankruptcy." *In re Del Monico*, No. 04B28235,

2005 WL 1129774, *3 (Bankr. N.D. Ill. May 13, 2005) (internal citations omitted).

<u>**REQUEST FOR RELIEF**</u>

**I.    The Debtor should be held in contempt for knowingly violating the requirements of
the 2004 Subpoena and the Compel Order.**

      18.     Siemens Financial moves the Court for an Order holding the Debtor in civil

contempt.

19.    There is no question that the Debtor knowingly violated and disobeyed the 2004 Subpoena and Compel Order by, among other things, failing to produce the Missing Documents in the requisite timeframes or at all.  The 2004 Subpoena, which was issued with the Court's permission, was served on the Debtor and its counsel. *See* Motion to Compel [Dkt. No. 13] at ¶ 6 (proof of service of 2004 Subpoena) and Order granting Motion to Compel [Dkt. No. 14]. Thus, there is clear and convincing evidence that the Debtor knowingly violated the requirements of the 2004 Subpoena and Compel Order, warranting the Debtor being held in civil contempt.

20.    "Among the standard remedies for civil contempt are restitution and reasonable attorneys' fees." *In re Direct Media Power, Inc.*, 582 B.R. at 751 (internal citations omitted). It follows that courts regularly use monetary sanctions as a remedy for civil contempt based on the failure to comply with Rule 2004 and related orders. *See*, e.g., *In re Eckert*, 375 B.R. 474, 477 (Bankr. N.D. Ill. 2007), *aff'd sub nom. Eckert v. Grochocinski*, No. 07 C 6012, 2008 WL 4547224 (N.D. Ill. Apr. 2, 2008) (ordering monetary sanctions against debtor for failing to produce documents in connection with a Rule 2004 examination); *In re McCaulley*, 218 B.R. 866, 867 (Bankr. N.D. Ohio 1998) (sanctions awarded for failure to submit to Rule 2004 examination); *Pereira v. Felzenberg*, 1997 WL 698186, *7 (S.D.N.Y. Nov. 7, 1997) (same).

21.    As set forth in the Jackson Decl., as of December 21, 2021, Siemens Financial has incurred no less than $9,594.25 in connection with the preparation and prosecution of the Motion to Compel and this Motion. Accordingly, Siemens Financial hereby requests that the Court award it no less than $9,594.25 and require the Debtor to pay these amount within five (5) days after entry of any order granting this Motion.

22.    In addition, the current deadline for Siemens Financial to object the Debtor's discharge and/or the dischargeability of certain debts is February 28, 2022 (the "Discharge

Objection Date"). *See* Compel Order [Dkt. No. 25]. In the event this case is not dismissed, the

Debtor's continued disobedience of the 2004 Subpoena and the Compel Order, necessitate

additional time for Siemens Financial to fully investigate and examine the Debtor's actions and

financial affairs and grounds to object to the Debtor's discharge and/or to the dischargeability (to

the extent dischargeability objections apply in this subchapter V corporate bankruptcy case).

Accordingly, to the extent the current Discharge Objection Deadline applies to Siemens Financial

and/or the State Court Judgment, extension of the same is warranted.

II.    **This Bankruptcy Case should be dismissed because (A) the Debtor failed to comply
with the 2004 Subpoena and the Compel Order, (B) the Debtor failed to file its
required operating reports, and (C) the Debtor has displayed a lack of good faith.**

23.    Siemens Financial also moves the Court for an Order dismissing the Debtor's

bankruptcy case pursuant to Bankruptcy Code Section 1112(b)(1). There are at least three grounds

to dismiss this case.

24.    First, "cause" exists to dismiss the Debtor's case under Bankruptcy Code Section

1112(b)(4)(E) due to the Debtor's failure to comply with the 2004 Subpoena and Compel Order.

*See,* e.g., *Matter of Asanda Air II LLC*, 600 B.R. 714, 714-21 (Bankr. N.D. Ga. 2019) (dismissing

bankruptcy case due to debtor's failure to comply with order requiring documents production in

response to a Rule 2004 subpoena); *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 63 B.R. 842,

848 (N.D. Ill. 1986) ("refusal to cooperate or to obey court orders may result in dismissal of any

civil action"); *see also Matter of Berryhill*, 127 B.R. 427, 432 (Bankr. N.D. Ind. 1991) ("a court

has the authority to dismiss for failure… to comply with orders") (internal quotations omitted).

25.    The facts before the *Asanda Air* court were nearly identical to the facts present here.

There, a debtor failed to produce documents required by a Rule 2004 subpoena and a

corresponding court order. 600 B.R. 714-19. Due to the debtor's failure to timely produce the

required documents, the *Asanda Air* dismissed that debtor's bankruptcy case under Bankruptcy

8

Code Section 1112(b)(4)(E). *Id*. at 720-21. Just like in *Asanda Air*, here the Debtor has failed to produce the Missing Documents in response to the 2004 Subpoena or the Compel Order, warranting dismissal of the Debtor's Bankruptcy Case for "cause."

26.    Second, "cause" exists under Bankruptcy Code Section 1112(b)(4)(F) due to the Debtor's unexplained failure to file operating reports covering the months of September or October 2021.  Operating reports "are the life blood of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations." *In re Aurora Memory Care, LLC*, 589 B.R. 631, 639 (Bankr. N.D. Ill. 2018) (finding "cause" under Section 1112(b)(4)(F) based on a debtor's failure to file operating reports).

27.    Third, the lack of good faith displayed by the Debtor constitutes "cause" for dismissal pursuant to Bankruptcy Code Section 1112(b). *See*, e.g., *In the Matter of Strug-Division*, LLC, 375 B.R. at 448-50; *In re Tekena USA, LLC*, 419 B.R. at 345-51 (Bankr. N.D. Ill. 2009) (listing and considering 14 different bad faith factors). The Debtor's lack of good faith is evidenced by, among other things, the following:

- The Debtor's initiation of this Bankruptcy Case two (2) days before the hearing on Siemens Financial's Contempt Motion in Siemens Financial's State Court Judgment enforcement proceedings (*see Id.* at 346 (noting that a debtor's filing of a bankruptcy petition to evade court orders, solely to create an automatic stay, and on the eve of a state court proceeding are factors demonstrating a lack of good faith) and *In re Liptak*, 304 B.R. 820, 836 (Bankr. N.D. Ill. 2004) ("[i]f the debtor's only purpose for filing the case is to delay (or defeat) a single judgment creditor, and the case has little or no ability to benefit the creditor body as a whole, then the debtor has not filed the Chapter 11 in good faith"));

- The Debtor has implicitly conceded, both in paragraph 8 of its *Motion to Extend Time to File a Chapter 11 Plan and Set a Bar Date* [Dkt. No. 26] and via its counsel's statement at the December 13, 2021 status hearing, that the Debtor's bankruptcy case essentially involves a two-party dispute (*see In re Tekena USA, LLC*, 419 B.R. at 346 and *In re LJBV LTD*, 544 B.R. 401, 406 (Bankr. N.D. Ill. 2016) (noting that a bankruptcy case involving "essentially the resolution of a two-party disputes" supports finding of lack of good faith));

- As detailed in the 2004 Motion and the Motion to Compel,  the pre-petition conduct

9

of the Debtor was improper (*see In re Tekena USA, LLC*, 419 B.R. at 346 (noting that a debtor's improper pre-petition conduct supports a finding of lack of good faith)); and

- The Debtor appears to have few unsecured creditors (*see In re Tekena USA, LLC*, 419 B.R. at 346 (noting this as a bad faith factor to consider)).

28.     Thus, whether the "cause" is the Debtor's failure to (i) obey by the Court's orders, (ii) abide by the reporting requirements under the Rules and/or Bankruptcy Code, or (iii) generally act in good faith, "cause" for dismissal clearly exists under Bankruptcy Code Section 1112(b).

29.     In addition, dismissal (rather than conversion) is warranted here for multiple reasons. First, as evidenced by the decisions cited hereinabove, courts can dismiss bankruptcy cases based on a debtor's failure to comply with court orders and lack of good faith. Second, dismissal is in the best interest of creditors because conversion to Chapter 7 would necessitate the appointment of a Chapter 7 trustee, the retention of the trustee's professionals, and the payment of additional fees and costs that would only increase the amount of claims against the Debtor's estate. *See, e.g., Rand v. Porshe Fin. Servs., Inc. (In re Rand)*, No. 10-1160, 2010 WL 6259960, at *10 (9th Cir. BAP Dec. 7, 2010). Moreover, based on the Debtor's schedules [*see* Dkt. Nos. 1 and 12], and the proofs of claims filed as of December 21, 2021, and the Debtor's (evasive) responses at its 341 meeting, the Debtor has few other creditors (likely because it improperly paid other creditors in violation of Siemens Financial's Citation). Thus, this bankruptcy has been and continues to be is nothing more than a way for the Debtor to frustrate and delay Siemens Financial's right to exercise its State Court remedies.

30.     As set forth on Siemens Financial's Notice of Motion and related Certificate of Service, twenty-one (21) days-notice of this Motion is being sent to (a) all creditor listed on the Debtor's creditor matrix, (b) the Debtor, (c) the Debtor's counsel, (d) the subchapter V trustee, and (e) all parties receiving notices through this Court's ECF system for this Bankruptcy Case.

**WHEREFORE**, Siemens Financial respectfully requests that this Court enter an Order which: (i) hold the Debtor in civil contempt the Court and find the Debtor liable Siemens Financial for an immediate payment in an amount of no less than $9,594.25; (ii) in the event this Bankruptcy Case is not dismissed, extend the time for Siemens Financial to object to the discharge of the Debtor's debts until and including a date that is no less than ninety days after Siemens Financial's completion of a Rule 2004 examination of the Debtor; (iii) dismisses the Debtor's bankruptcy case; and (iv) grants any other and/or further relief in favor of Siemens Financial as this Honorable Court deems just and equitable under the circumstances.

Dated:  December 22, 2021

Respectfully submitted,

SIEMENS FINANCIAL SERVICES, INC.


By: */s/ Arlene N. Gelman*
    One of Its Attorneys

Arlene N. Gelman (#6289813)
Daniel P. Jackson (#6225631)
Michael D. Leifman (#6324233)
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
T:  (312) 609-7500
F:  (312) 609-5005
agelman@vedderprice.com
djackson@vedderprice.com
mleifman@vedderprice.com